UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMY ARZAMENDI, ET AL.,**

   Plaintiffs,

v.                                              **No. 4:23-cv-0770-P**

**LLOYD J. AUSTIN, III, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motions to Dismiss under Federal Rule 12. ECF Nos. 37; 38. For the reasons below, the Court will grant both motions.

## BACKGROUND

This case is yet another iteration of the battles against COVID-19 vaccine mandates. Plaintiffs, and putative class representatives, are or were civilian employees of the United States Department of Defense ("the Department"). ECF No. 36 at 3. Defendants are the Secretary, Deputy Secretary, and Under Secretary of the Department, and the Department itself. *Id.* at 7–8.

On September 9, 2021, President Biden issued Executive Order ("EO") 14043, which required all federal employees to be vaccinated against COVID-19 subject to exemptions provided by law. *Id.* Federal agencies then received administrative guidance on the mandate's implementation. *Id.*

The Deputy Secretary of Defense began implementing the mandate on October 1, 2021, issuing a memorandum requiring "[a]ll DoD civilian employees [to be] fully vaccinated by November 22, 2021, subject to exemptions as required by law." *Id.* at 20–21. Further guidance outlined the Department's policy for handling vaccine and attestation

requirements, testing, masking and testing protocols, enforcement mechanisms, and request for religious or medical exemptions. *Id.* at 22.

In establishing that guidance, the Department stated that all "civilian employees who refuse to be vaccinated, or to provide proof vaccination, are subject to disciplinary measures, up to and including removal . . . unless [the employee] has received an exemption *or [the employee's] timely request for an exemption is pending a decision.*" *Id.* (emphasis added).

All named Plaintiffs timely filed requestS for religious exemptions to the vaccine mandate, which were never acted upon. *Id.* at 25. The Department paused enforcement of the mandate on January 22, 2022, and President Biden rescinded EO 14043 on May 12, 2023. *Id.*

In the meantime, two Plaintiffs filed additional requests for religious exemptions from the Department's masking and testing requirements, which were swiftly denied. *Id.* at 26–27. This protocol required unvaccinated employees—unvaccinated for any reason—to wear masks at work, practice social distancing, and submit to regular COVID-19 testing. *Id.* One named Plaintiff was placed on administrative leave after she refused to mask and test without a vaccine, and she resigned while on leave. *Id.*

Plaintiffs filed suit in July 2023, alleging various emotional and psychological harms associated with the "waiting and wondering" related to the Department's failure to adjudicate their religious exemption request as to the vaccine. ECF No. 1. Plaintiffs amended their Complaint, and Defendants filed the instant motions to dismiss. ECF Nos. 36; 37; 38.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, dismissal of a complaint is appropriate if it fails to provide fair notice of a claim and plausible factual allegations to support it. *Id.*; FED. R. CIV. P. 12(b)(6).

2

A reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th. Cir. 2007). But the court need not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). After disregarding any conclusory statements, a complaint must have *Twombly* facial plausibility, which it has when a plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S., at 663. And although a plaintiff need not *prove* his or her claim at the pleading stage, the complaint must set out sufficient facts to establish all ultimate elements of the claim asserted. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

## ANALYSIS

### A.  Plaintiffs' claims against the vaccine mandate.

Under Article III of the Constitution, federal courts only have jurisdiction to hear "cases" or "controversies." U.S. CONST. art. III § 2; *United States v. Texas*, 143 S. Ct. 1964, 1966 (2023). And "[t]he mootness doctrine 'ensures federal courts are only deciding *live* cases or controversies.'" *Hollis v. Biden*, 2023 WL 3593251, at *1 (5th Cir. May 18, 2023) (unpublished) (emphasis added) (quoting *Spell v. Edwards*, 962 F.3d 175, 178–79 (5th Cir. 2020)); *see also Brindson v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (holding that the doctrine of mootness is a jurisdictional matter). In *Hollis*, the Fifth Circuit summarily declared moot a challenge to President Biden's Executive Order 14042 that required all federal contractors to obtain a COVID vaccine or comply with masking and testing requirements in the workplace. *Id.* There, the Fifth Circuit concluded that Biden's subsequent executive order rescinding EO 14042—implemented after the plaintiffs filed suit—mooted the entire action. *Id.*

So is the case here. The Department paused enforcement of the vaccine mandate as early as January 25, 2022, and President Biden officially rescinded it on May 12, 2023. ECF No. 36 at 25. Plaintiffs did not file suit to challenge it until July 24, 2023. ECF No. 1. And in the meantime, the named Plaintiffs' requests for religious exemptions were

3

never adjudicated, let alone denied. *See* ECF No. 36 at 9–17. While two Plaintiffs complain that the evidence of discrimination lies in the fact that their subsequent requests for exemptions from *masking and testing* were, in contrast, almost immediately rejected, *id.* at 26, this fact does little to aid their challenge of the mandate to vaccinate. Masking and testing were instituted as a "safety" protocol *in lieu* of vaccination, or in the event that an employee's religious or medical exemptions were denied—which these Plaintiffs' exemptions never were.

"If a dispute ceases mid-litigation, so does [federal] jurisdiction." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023). Here, the dispute ceased before this litigation even began, because the *vaccine* mandate was rescinded before these Plaintiffs filed suit. Plaintiffs cannot challenge the denial of an exemption on the basis that "we didn't get that far." Plaintiffs must allege some material employment-or-other-related injury which directly resulted from the enforcement of the *vaccine* mandate. And at the risk of beating a dead virus, these Plaintiffs can allege no such injury because the policy was never enforced against them. *See* ECF No. 36 at 25 ("Rather, Plaintiffs were left completely in the dark about when and whether their exemptions would be processed and whether they would be subject to discipline or termination because of their religious beliefs about the vaccine.").

To the extent that Plaintiffs allege religious discrimination claims based on the Department's *masking and testing* requirements, for the reasons discussed below, those claims fail too.

### B. Plaintiffs' claims against masking and testing requirements.

To the extent that Plaintiffs complaint raises claims—by passing reference—against the Department's *masking and testing* policies as violative of their religious beliefs, the Court will assume that Plaintiffs intended to assert independent causes of action. *See id.* at 16 ("DoD placed Ms. Stadler on administrative leave . . . because she could not consent to the testing protocols, as they violated her religious beliefs); 13 ("[Masking and testing] protocols were not required of employees who did not share Mr. Orloff's religious beliefs."); 10 ("When presented with information that DoD would require testing, masking, and distancing,

4

Ms. Arzamendi filed a request for a religious exemption to these protocols . . . which [the Department] ultimately denied.").

The "difficult and delicate" determination of whether a plaintiff's religious beliefs are sincere is a weighty one and may not "turn upon a judicial perception of the particular belief or practice in question." *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981). Accordingly, courts must carefully distinguish between *religious* beliefs—protected by Title VII—and those that are "essentially political, sociological, philosophical [or] merely personal moral code[s]." *United States v. Seeger*, 380 U.S. 163, 172 (1965).

Here, the Court assumes the sincerity of Plaintiffs' religious beliefs. But plaintiffs seeking to assert claims for religious discrimination must still contend with the Federal Rules. *See* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim *showing* that the pleader is entitled to relief) (emphasis added); 12(b)(6); *Chhim*, 836 F.3d at 470 (a claim must set forth *sufficient facts* to demonstrate *all essential elements* of a claim) (emphasis added). To *plead* a religious belief such that the Court can remedy its violation, "a plaintiff must allege some facts regarding the nature of her belief system, as well as facts connecting her objection to that belief system." *Caspersen v. W. Union, LLC*, 2023 WL 6602123, at *7 (D. Colo. Oct. 10, 2023).

These Plaintiffs have failed to do so. For one, their complaint does not assert standalone claims under Title VII or RFRA to vindicate their objections to *masking and testing*, only to the vaccine. *See* ECF No. 36 at 38–57. But more importantly, they do not allege *how* masking and testing in and of themselves violated their fundamental religious beliefs—only that they did. *See* ECF No. 36 at 52 ("Similarly [to vaccination], requiring testing, stigmatizing masking and distancing, and limiting travel and professional opportunities because of Plaintiffs' disfavored religious beliefs substantially burdened Plaintiffs' religion."); 27 ("Ms. Stadler was placed on a leave of absence when she politely declined to engage in the testing procedures after her testing accommodation request was denied."); 16 ("DoD placed Ms. Stadler on administrative leave for over four months because she could not consent to the testing protocols, as they violated her religious beliefs.").

In contrast, Plaintiffs provide myriad citations to Biblical scripture and personal testimony to demonstrate a legitimate religious objection to the *vaccine*. And while the Court tends to agree that the application of many vaccine and testing requirements across the country were seemingly ill-conceived and inconsistent during the COVID-19 pandemic, shared sentiment cannot transform barebones allegations into a federal claim for relief. While Plaintiffs explain why forced *vaccination* would violate their Christian beliefs, they do not do the same for masking and testing. *See, e.g., id.* at 14 ("God created me an immune system that works to protect me . . . [t]his is the reason why I object and do not take vaccinations, medications, or treatments that my body and immune system can fight off on their own.").[1]

Because Plaintiffs fail to connect their objections to *masking and testing* to their belief system, those claims must also fail to the extent that they are raised. *Caspersen*, 2023 WL 6602123, at *7.

## CONCLUSION

Because Plaintiffs' challenge to the Department's vaccine mandate is moot, and they fail to state a claim as against the masking and testing protocol, Defendants' motions to dismiss (ECF Nos. 37 & 38) are **GRANTED.** This case is **DISMISSED without prejudice.**

**SO ORDERED** on this **16th day of April 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[1] *See Sambrano, et al. v. United Airlines, Inc.*, 2023 WL 8721437, at *4 (N.D. Tex. Dec. 18, 2023) (Pittman, J.) ("The COVID-19 pandemic was a once in a century event, unprecedented in the modern era . . . [and] [e]mployers across the country imposed these requirements in response, [but] trial courts should not be in the business of scrutinizing these details of personnel management in such extraordinary circumstances. *De minimis non curat lex*. The law does not take account of trifles.")